National American Insurance v. Artisan and Truckers Casualty National American Insurance v. Artisan and Truckers Casualty Good morning, your honors. May it please the court, Mr. Riesses. My name is Jason Orleans. I represent the appellant, Artisan and Truckers Casualty Company. This appeal really asks, what is the purpose of a trucking use and non-trucking use insurance policy if the scope of coverage is not uniformly understood and applied? This is a situation where a National American defendant identified against an underlying trucking loss that was the subject of a state court complaint. I'm not going to go deep into the facts of the underlying case because we're talking here first about the duty to which, under Illinois law, is governed by the Four Corners rule of the complaint and the comparison to the policy. The heart of the matter here is whether counts five through eight of the underlying second amended complaint filed by the personal injury plaintiffs that allege that the driver was the agent of the owner of the truck, which happens to be an insured under the artisan policy, triggered a duty to defend on the part of artisan. My answer to that is categorically no. Each of those counts, five through eight, allege that the tractor was registered to the USDOT number of unlimited carrier, the motor carrier to which that truck was operating under. Each of those counts allege that the driver was within the course and scope of his employment or agency with unlimited carrier. And most importantly, each of those counts allege that at all times relevant on the date of the underlying trucking loss, August 23rd, 2010, unlimited carrier exercised authority and control over the truck. Artisan in denying the duty to defend was governed by Illinois state law. Illinois Supreme Court held in the St. Paul fire case from 1977 that an insurer must construe coverage within the context of law regarding the liability of a motor carrier. That position was as recently as September of 2014, which we supplemented that case in our brief. In the Argonaut case said that the DOT regulations guide an insurance coverage dispute such as this. So with that backdrop, Artisan denied coverage based upon the allegations and the complaint. The lease, whether or not there was a lease between the driver or the owner and unlimited carrier is immaterial under placard liability in Illinois. We've cited the Fulton v. Terry. Well it's not immaterial because even though there is this placard liability, that's consistent with the fact that someone else is actually running the truck and hiring the person who drives and so on. This placard liability doesn't have anything to do with the actual ownership or driving arrangements or anything. It's just saying that if you see that placard, you have someone to sue. But there may be someone else you can sue. I agree, Your Honor. I agree. But the Illinois Supreme Court in following case law has said that for determining liability, we want a predictable scheme. So we're talking about insurability. Right. And the Illinois Supreme Court has said that one should follow the other. You can be liable to multiple people, right? You can have an action against the placard company, Ultimate Carrier, but you can have a claim against someone else. You can't have joint tort feasors, right? Exactly. You can have claims against multiple tort feasors, but I submit to the court that the financial responsibility law, i.e. insurance coverage, should follow who is ultimately liable. And ultimately liable, based on the case authority in Illinois, is that entity which bears the placard on the truck. And under the regulations... I don't know what you mean by ultimate liability. Well, the goal here is to promote a predictable scheme. You can't have more than one tort feasor. You can't have more than one what? Tort feasor. You could have the driver... Who is the agent of the motor carrier? You do not typically have an owner responsible or liable unless there's some independent act of negligence on the part of that owner, such as negligent hiring or retention. You typically have the driver operating for the motor carrier. And in this case, in the underlying complaint, there was no allegation in counts five through eight of any independent liability on the part of the owner of the truck. The only allegation was that the driver was operating as an agent of Mr. Berengal's. But those same counts pled the ultimate fact, which is that Unlimited Carrier was placarded. The driver was operating under its authority and control. And that authority and control is exclusive, I submit. You can't have a shared authority and control and have a predictable scheme under federal motor carrier safety law. And that's why I submit that the financial responsibility should follow the placard liability in Illinois. And that removes sub-issues of agency. It removes issues of whether the lease is in effect or not. In the Terracotta case, the driver was driving a truck that previously had been leased to Terracotta. He didn't cover up the placard. He was leased to a new trucking company. But the court found that the new trucking company was not the motor carrier responsible. It was the old trucking company, Terracotta. So in looking at the four corners of the complaint, Artisan rightfully denied coverage including the duty to defend and identify under its policy. We're talking here about the contingent liability endorsement to the Artisan policy. And it says that where a truck is used for or on behalf of any other person or entity for compensation or not, the scope of coverage under the Artisan policy doesn't apply. The scope of coverage falls within the motor carrier's trucking use policy, which would be National American's policy. There are many times where a complaint alleges liability just against a driver or an owner. But the motor carrier bears the financial responsibility because the truck is operated under its authority and control. And that's what happened here. NACO understood that even though the theory of liability in counts five through eight against Michael Beringholtz solely sought liability against him solely, it had to defend those counts even if the driver was not on behalf of Michael Beringholtz. And it did. I want to turn quickly to the issue of estoppel as I'm entering some of my rebuttal time. And I'd like to reserve some time for rebuttal. The district court ruled that Artisan was a stop from denying coverage. And if your honors were to agree that there was a duty to defend on the part of Artisan, estoppel should not have applied. Estoppel is a sanction against a carrier for prejudicing an insured. Here, NACO was defending its insured unlimited, the driver, and the owner. There was no prejudice to any insured in this case. There's also no evidence in the record that NACO properly reserved its rights. So its standing as against Artisan is questioned to begin with. This loss fell on NACO's shoulders. I'll reserve my remaining time for rebuttal unless your honors have any questions at this time. Okay. Thank you, Mr. Moreland. Thank you. Mr. Rieses. Good morning. May it please the court, my name is Mike Rieses and I'm here today on behalf of Plaintiff Appellee, National American Insurance Company, counsel. This case illustrates what happens when an insurance company such as Artisan doesn't defend its insured under a reservation of rights or seek a declaratory judgment. If I heard it once during the argument, I must have heard it a few times that this case involves ultimate liability. No, it doesn't. It involves first and foremost a duty to defend where the magistrate found, one, that Artisan owed and breached a duty to defend, two, that by virtue of that breach, it was a stop from denying coverage, and three, that we were entitled to judgment in the stipulated amounts of judgment for the defense and settlement. First let's talk about Counts 5 through 8 of the Second Amendment Complaint, which gave rise to a duty to defend under the Artisan policy. Those counts ought to impose vicarious liability on Artisan's insured, Michael Beringholtz, rather than placard liability on the motor carrier, based on allegations that the driver was operating the insured vehicle, quote, as agent and or servant of Michael Beringholtz. Those allegations had to be accepted as true at the duty to defend stage, and they are completely consistent with the Illinois presumption that the driver is the agent of the vehicle only. Nothing more was necessary to trigger Artisan's duty to defend. I understand the placard was on there, but there was no signed agreement, but that doesn't make any difference. Well, I think the fact that there was, makes no difference as far as Counts 5 through 8. I mean, as Judge Posner observed, all it says is, okay, the placard's on the vehicle, great, they've got somebody else to sue. The point of the federal scheme is to create additional liability on the part of the motor carrier in that instance. It does not, however, in any way give safe harbor or in any way diminish the tort liability of the tractor owner for the negligence of the driver. Artisan was not absolved of the duty to defend those counts simply because other counts may have alleged placard liability. We challenge Artisan to answer this question in rebuttal. It wasn't asked by the court, but I would love if the court would ask it or if counsel would try to argue it. What would happen if Counts 5 through 8 were not defended by us and the default judgment were entered against Beringholtz? Does anyone seriously believe that those counts were, quote, immaterial, close quote, or that somehow a judgment against Beringholtz would be unenforceable? Of course not. Beringholtz was never found to be the agent of the motor carrier before settlement, and those counts were never dismissed before settlement. Artisan's argument wrongly assumes that somehow placard liability is the exclusive basis, okay, and that only they can be held liable. We have cited a recent 8th Circuit opinion, Occidental v. Lozinski, just came down in September of this year, coincidentally, which recognizes that insurers for both the carrier, the motor carrier, and for the vehicle owner may face potential liability. We met our obligations under the contract that we had. Artisan never did. And because Artisan did not, the magistrate properly applied settled Illinois principles of estoppel law against it. Was that joint and several liability then? There is joint and several liability. Well, as far as the underlying case is concerned, yes, that's correct. Of course, we're under state law. It was in state court. When the facts gave rise to a duty to defend, Illinois required, Illinois law required that Artisan either defend under a reservation of rights, which it did not, or that it file a declaratory judgment action, which it did not. Not having defended or filed suit, it was too late for Artisan to claim in this case that somehow the ultimate liability was with the motor carrier. Counsel argues that estoppel doesn't apply when there's no prejudice. That could not be any more false. The fact that an insurance company comes in to the breach caused by Artisan's failure to defend does not in any way give Artisan a defense against estoppel. If Artisan wanted to litigate the facts, he could not reject the tenders and sit on the sidelines until it was sued. The estoppel arose at the moment. Artisan rejected the settlement, and Illinois law could not be any clearer. Now, in a last-ditch attempt to avoid estoppel, Artisan argues that somehow we waived our rights to recover what we paid when we did not document that our defense of barren golds was under our reservation of rights. Now, if that isn't an afterthought, in this case, I don't know what is. It didn't raise the issue in the pleading. It didn't raise it as an affirmative defense as Rule 8c would have required. It didn't even raise it in its cross-motion for summary judgment. It first raised this issue in its reply, in the last filing before the judge ruled against it. By then, it had already forfeited consideration of the issue. But even if for the moment you assume that the issue was not waived, Artisan was very well aware of our reservation of defense counsel to Artisan on September 25, 2012. That is in the record. It knew of the reservation. If it wanted to make an issue of it, it couldn't do so by waiting until the reply in its motion for summary judgment. Finally, the magistrate judge properly entered judgment in the stipulated amounts for the defense and settlement in accordance with our subrogation claims. Artisan's only argument assumes that it didn't owe coverage for the loss. It does not dispute that it would owe the defense and settlement if it did provide coverage. Pursuant to the policies, Artisan's coverage was primary because it did insure the tractor, and our coverage at most was excess for non-owned units. For all the reasons set forth in our brief, we ask you to affirm. Thank you. Thank you, Mr. Rees. Mr. Orleans? I would like to first address the issue of estoppel, working backwards. Case law which NACO has cited in Illinois, the L.A. Connection case, holds that the initiation of a declaratory judgment action by the insured rather than the insurer is sufficient to avoid estoppel. So let's start with the fact that, well, I did argue opening and I've argued in the briefs that estoppel doesn't apply where the issue between two insurance policies is the scope of coverage. It doesn't. And here we're talking about scope of coverage under two distinct policies. Estoppel should apply where you're talking about a situation where there's dispute between two insurance companies. There's been no prejudice to an insured. It would be a different story if Michael Beringholtz or the driver Unlimited were not defended at all. Also, the insured can file declaratory judgment action and can alleviate the insurer from the responsibility of being first to the courthouse. We don't have to have a race to the courthouse to see who is right, and the estoppel then doctrine doesn't apply. That's a sanction. It's a penalty for leaving the insured out to dry. This isn't a situation where an insured was out to dry. Council has cited to the Eighth Circuit case, the accidental case, which essentially in a roundabout fashion says that two- But you waited too long. You refused to defend your insured. And we did, based on the four corners of the complaint. So I'm not conceding the duty to the insured. It's still Artisan's position that the complaint ultimately, we have to look at this in terms of a predictable manner. Who's responsible? You're all wrong about this ultimate liability falling on the placard carrier. That's wrong. There's no concept of ultimate liability. If there's a suit against your insured, and you have to defend, and if you don't defend, it's too late. It's as simple as that. This business that the only person that can be, the only person that can be sued is the placard carrier. No, there's no such rule. It doesn't make any sense either. Judge Posner, I will just- You have a truck. It's owned by someone. It gets into an accident. You're its insurer. You've got to defend. Judge Posner, I would simply say that it renders immaterial the allegations against unlimited carrier in those same counts. And to address counsel's question very quickly as to what would have happened if NACO decided not to defend those counts, I would submit that NACO would have been in breach of its duty to defend. Because the financial responsibility is in the background. It doesn't have to be pled. We're not a direct action state in Illinois where you sue the insurance company like you would in Wisconsin. But the financial responsibility, the insurance coverage is in the background. But it has to follow, and it must follow, under Illinois precedent, the liability scheme. Unless your honors have any additional questions, I see that my time is up. Okay. Well, thank you very much to both counsels. Thank you.